**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ELVIS JOSE TELL BRAVO-GREENE,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

No. 5:26-cv-06912-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

On November 17, 2026, Petitioner Elvis Jose Tello Bravo-Greene ("Petitioner"), a noncitizen who has been detained in U.S. Immigration and Customs Enforcement ("ICE") custody since November 12, 2026, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his detention as violative of the Constitution or laws or treaties of the United States. See Doc. No. 1. The Petition names as Respondents the Warden of the Adelanto ICE Processing Center where Petitioner is presently detained, the Field Office Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations Division, the Secretary of the Department of Homeland Security, the Attorney General of the United States, and ICE (collectively "Respondents"). Id. Petitioner prays for a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, subject only to the same conditions in place immediately prior to his November 12th re-detention. Id. at 15:1-5. He further prays that Respondents be permanently enjoined from re-arresting or re-detaining Petitioner

absent notice and a pre-deprivation hearing before a neutral adjudicator where Respondents either (a) show material changed circumstances demonstrating a significant likelihood of Petitioner's removal in the reasonably foreseeable future or (b) demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. Id. at 15:13-24.

Concurrently with filing the Petition, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c). See Doc. No. 4. The case became fully consented to three days later pursuant to the United States Attorney's Office General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order. 26-05 at Ex. "A" (Doc. No. 6); see also Doc. No. 8.

On November 17, 2026, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 6. In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," in an Answer to be filed no later than seven calendar days after the Clerk's Office issues the Notice of the General Order, here November 24, 2026. Id. at ECF pp. 1, 5. Respondents did not file any such Answer and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." In addition, Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, including their failure to contest any of the relief requested in the Petition, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in the custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

IT IS THEREFORE ORDERED that:

(A) Respondents shall immediately release Petitioner **Elvis Jose Tello Bravo-Greene (A No. 246-306-755)** from immigration custody subject only to the conditions in place prior to his November 12, 2026, re-detention, as well as return to him any personal property and documents seized from him at the time of his re-detention.

(B) Respondents are enjoined from re-arresting or re-detaining Petitioner absent notice and a pre-deprivation hearing before a neutral adjudicator where Respondents either (a) show material changed circumstances demonstrating a significant likelihood of Petitioner's removal in the reasonably foreseeable future or (b) demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of release.

(D) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming their compliance with this Court's Order.

The Court will issue Judgment consistent with this Order.

IT IS SO ORDERED.

DATED: November 25, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE